IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONYA SPEARMAN,                          :

    Plaintiff,                           :

v.                                       :
                             Civil Action No. GLR-11-2020
BALTIMORE COUNTY, MARYLAND,              :
et al.,
                                            :

    Defendants.                          :

                                            :

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Baltimore County, Maryland (the "County"), Timothy Griffith, and Lois Cramer's (collectively the "Defendants") Motion for Summary Judgment against Plaintiff Tonya Spearman. (See ECF No. 21). This is a Section 1983 case in which Ms. Spearman alleges Defendants unlawfully terminated her participation in the Federal Housing Act Housing Choice Voucher Program (the "Program").

The central question before the Court is whether a genuine issue of material fact exists as to whether the decision rendered against Ms. Spearman, in a hearing to terminate her participation in the Program, was (1) justified under Maryland's standard of administrative review, and (2) consistent with procedural due process requirements, and, therefore, neither

arbitrary nor capricious.   The issues have been fully briefed and no hearing is necessary.   <u>See</u> Local Rule 105.6 (D.Md. 2011). For the reasons that follow, Defendants' Motion will be granted.

## I.   BACKGROUND[1]

On May 10, 2010, the Baltimore County Housing Office ("Housing Office") notified Ms. Spearman that her participation in the Program would be terminated on June 30, 2010, for alleged violations of her leasing contract under 24 C.F.R. § 982.552. Specifically, the Housing Office alleged that Ms. Spearman allowed unauthorized persons to inhabit her unit and that an authorized family member was engaging in illegal drug activities.   Ms. Spearman requested an informal hearing under 24 C.F.R. § 982.555, which the Housing Office received on May 20, 2010.   On June 22, 2010, Ms. Spearman attended the hearing accompanied by her attorney.   Thereafter, on June 30, 2010, the Housing Office decided to terminate Ms. Spearman's participation in the Program, effective July 22, 2010.

With the aid of her attorney, Ms. Spearman reached a last-minute settlement agreement (the "Agreement") with the Housing Office on July 21, 2010.   The Agreement, which was finalized on October 14, 2010, enabled Ms. Spearman to continue in the Program, provided she met certain strict criteria set out in the

---

[1] Unless otherwise noted, the following facts are taken from the Complaint and Defendants' Motion for Summary Judgment and are viewed in the light most favorable to Ms. Spearman.

Agreement.  Specifically,  the  Agreement  required  that  Ms. Spearman perform six tasks: (1) file *all* documents requested of her by the Housing Office and the Department of Housing and Urban Development ("HUD"); (2) remove all non-authorized parties from her unit and provide documentation of such to the Housing Office; (3) "provide written verification to the Housing Office that she has notified her local U.S. Post Office of the persons who are authorized to received mail at her assisted unit"; (4) provide by *certified mail*, proof of filing for child support for her granddaughter; (5)  provide  proof  by  *certified  mail*  of applying for benefits from the Department of Social Services ("DSS"), including Temporary Cash Assistance ("TCA"); and (6) attend recertification programs designed to help her find and maintain a job.  (Emphasis added).

On December 7, 2010, however, the Housing Office again informed  Ms.  Spearman  of  its  intent  to  terminate  her participation in the Program, due to her failure to abide by the conditions set out in the Agreement.  Thereafter, the Housing Office  sent  a  formal  letter  on  December  28,  2010,  giving official notice and informing Ms. Spearman of her right to an informal hearing, if filed within ten days.  On January 3, 2011, Ms. Spearman allegedly sent notice of her intent to invoke her right  to  an  informal  hearing.  Despite  the  Housing  Office's requirement  that  Ms.  Spearman  send  the  notice  via  certified

mail, however, the notice was allegedly hand-delivered to the postal-service. The Housing Office maintains that it has no record of ever receiving a request for a hearing from Ms. Spearman and, therefore, assumed that Ms. Spearman waived her right to a hearing.

On February 15, 2011, Ms. Spearman filed a Complaint for Writ of Mandamus and a Motion for a Temporary Restraining Order and Preliminary Injunction in the Circuit Court of Maryland for Baltimore County. The Motion for Temporary Restraining Order was denied on the same day. On March 16, 2011, Defendants removed the case to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446.[2] Ms. Spearman challenged the removal, but the Court determined the removal was proper. On May 11, 2011, the Court ruled that Ms. Spearman had timely requested an informal hearing and granted the Motion for Preliminary Injunction to reinstate benefits. The Court dismissed and remanded the case for the purpose of conducting the informal administrative proceeding.

On June 16, 2011, the Housing Office held an informal hearing, during which Ms. Spearman was allowed to present evidence supporting her argument that she did not violate the terms of the Agreement. Furthermore, at the conclusion of the

---

[2] Upon removal, the civil action was assigned the following case number: 1:11-cv-00712-BEL.

hearing, the hearing officer permitted Ms. Spearman to supplement the record. The informal hearing concluded on June 30, 2011, with a ruling by the hearing officer that termination was proper due to Ms. Spearman's failure to comply with the Agreement, as well as applicable federal Program regulations. Specifically, the hearing officer determined that Ms. Spearman had failed to supply required documentation relating to (1) child support, (2) TCA, (3) income and expenses, (4) authorized residents for the unit, and (5) post office authorization.

On July 22, 2011, Ms. Spearman challenged the hearing officer's ruling by filing the instant Complaint (ECF No. 1) and a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6). On September 12, 2011, the Court denied Ms. Spearman's request for a Temporary Restraining Order and Preliminary Injunction. Central to the Court's holding was its finding that the hearing officer's "lengthy and thorough opinion" indicated support for the Housing Office's decision to terminate Ms. Spearman.

On October 17, 2011, Defendants filed the instant Motion for Summary Judgment. (ECF No. 21). Ms. Spearman filed a Response in Opposition to the Motion on October 31, 2011. (ECF No. 22). Defendants filed a Reply to the Response on November 14, 2011. (ECF No. 23).

## II.  DISCUSSION

### A.  <u>Standard of Review</u>

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986).  In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  <u>Anderson</u>, 477 U.S. at 247-48.

A "material fact" is a fact that might affect the outcome of a party's case.  <u>Id.</u> at 248; <u>JKC Holding Co. v. Wash. Sports Ventures, Inc.</u>, 264 F.3d 459, 465 (4th Cir. 2001).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248; <u>Hooven-Lewis v. Caldera</u>, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. <u>Anderson</u>, 477 U.S. at 248. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. <u>Celotex Corp.</u>, 477 U.S. at 324.

**B.**  **<u>Analysis</u>**

> **1.  There is no genuine issue of material fact as to whether the hearing officer's decision was justified under Maryland's standard of administrative review.**

The Court grants Defendants' Motion for Summary Judgment because there is no genuine issue of material fact as to whether the hearing officer's decision was justified under Maryland's standard of administrative review.

The standard of administrative review that applies under Maryland law provides as follows:

> In a proceeding under this section, the court may:
> (1) remand the case; (2) affirm the final decision; or
> (3) reverse or modify the decision if any substantial
> right of the petitioner may have been prejudiced
> because a finding, conclusion, or decision: (i) is

unconstitutional; (ii) exceeds the statutory authority
or jurisdiction of the final decision maker; (iii)
results from an unlawful procedure; (iv) is affected
by any other error of law; (v) is unsupported by
competent, material, and substantial evidence in light
of the entire record as submitted; or (vi) is
arbitrary or capricious.

Md. Code Ann., State Gov't. § 10-222(h) (West 2012).
Additionally, under the ruling in Clark v. Alexander, if the
local housing agency's actions are not inconsistent with federal
housing provisions, the agency's action should be granted
reasonable deference.   85 F.3d 146, 152 (4th Cir. 1996).
Accordingly, "the action should be upheld, unless it is found to
be arbitrary or capricious." Id. (citing Chevron U.S.A. Inc. v.
Natural Ress. Def. Council Inc., 467 U.S. 837, 837-45 (1984)).

### a. Factors in Maryland's standard of administrative review

In this case, the record is replete with evidence that the
hearing officer's decision was justified by Maryland's standard
of administrative review because it (1) was not
unconstitutional, (2) did not exceed her authority as decision
maker, (3) did not result from an unlawful procedure, (4) was
not affected by any other error of law, (5) was supported by
competent, material and substantial evidence, and (6) was
neither arbitrary nor capricious.

### i. Constitutional decision

First, the hearing officer's decision was constitutional

because she followed the correct relevant governing statutes for termination of a tenant. The Housing Office is a local administrator of HUD and is required to follow the regulations promulgated by HUD. Ritter v. Cecil Cnty. Office of Hous. & Cmty. Dev., 33 F.3d 323, 323-24 (4th Cir. 1994). Because the hearing officer followed these regulations, the Court finds that her actions were constitutional.

### ii. Statutory authority

Second, the hearing officer did not exceed her statutory authority. Under HUD regulations, the Housing Office is permitted to terminate assistance for a variety of reasons, such as an inability to abide by the rules of the Program under 24 C.F.R. § 982.551, or a failure to follow an agreement made with the Housing Office. 24 C.F.R. § 982.552(c). The hearing officer has the statutory right to make a decision based upon the evidence adduced at the informal hearing. 24 C.F.R. § 982.555(e)(4)(i),(ii). Here, Ms. Spearman failed to abide by the rules of the Program and terms of the Agreement. The Court finds that the hearing officer's decision was, therefore, not beyond her statutory authority.

### iii. A lawful procedure unaffected by any other error of law

Third, the decision rendered by the hearing officer was in compliance with the procedural requirements mandated by HUD in

termination proceedings.   Under 24 C.F.R. § 982.555(a)(v), the participant has a right to an informal hearing upon request.   The participant must be provided with notice including a brief explanation of the reasons for the termination, the right to an informal hearing upon request, and the deadline for the hearing.   24 C.F.R. § 982.555(c)(2)(i-iii).

On December 28, 2010, Ms. Spearman received notice of the pending termination.   In this notice, she was provided a detailed explanation of the reasons for her termination.   The notice specifically mentioned her failure to file appropriate documentation, as required by the Agreement she executed with the Housing Office, as well as her inability to file the necessary documentation with the Housing Office, pursuant to applicable housing regulations.   Ms. Spearman was also informed of her right to request an informal hearing and was given a deadline.

In preparation for the informal hearing, the participant has a right to discovery, during which they may review all of the evidence brought against them, as well as present evidence of their own.   24 C.F.R. § 982.555(e)(2),(5).   On June 16, 2011, Ms. Spearman received an informal hearing in which she was granted the full rights and privileges attendant to such hearings under 24 C.F.R. § 982.555(e).   Her attorney had the opportunity to call and examine the witnesses.   Specifically,

counsel examined Ms. Demattie, the Housing Office representative, regarding Ms. Spearman's alleged failure to file all documents requested by the Housing Office as outlined in the Agreement. (Defs.' Mot. Summ. J. Ex. A, Informal Hr'g, Tr. Vol. 1 at 10, July 16, 2011, ECF No. 21-2) ["Hr'g Tr."]). Additionally, counsel had the opportunity to examine Ms. Spearman in depth and offer reasons for his client's failure to comply with the Agreement. (See id. at 10-19). Furthermore, Ms. Spearman had an opportunity to supplement the record with additional documentation. (Id. at 15).

To comply with statutory requirements, the hearing must be conducted by a hearing officer, a person neutral in the termination, who must make a decision *de novo* and by a preponderance of the evidence standard. 24 C.F.R. § 982.555(e)(4),(6). As required, the hearing officer in the present case had no prior involvement with Ms. Spearman's case. The hearing officer, therefore, was a proper third-party. In fact, at the beginning of the hearing, neither party objected to her presiding over the matter. (Hr'g Tr. at 2-3).

Finally, after making a decision, the hearing officer must issue a written opinion, briefly stating the reasons for the ruling. 24 C.F.R. § 982.555(e)(6). Here, the hearing officer considered the issues raised and the various arguments made for and against termination. (See generally Hr'g Tr.). After

11

consideration of the evidence presented she found Ms. Spearman, by a preponderance of the evidence, failed to satisfy the requirements of both the Agreement and HUD regulations.  As a result, the hearing officer ruled that the Housing Office properly terminated Ms. Spearman's participation in the Program.

### iv. Decision supported by competent, material, and substantial evidence

Fourth, the hearing officers' decision was well-buttressed by competent, material, and substantial evidence.  In the informal hearing, the hearing officer heard from both sides, granting her the opportunity to gain perspective upon the issues raised.  In the hearing officer's written opinion, she provided in-depth analysis of Ms. Spearman's violation of two conditions causing her termination: (1) the Agreement, and (2) the Program requirements.  (Defs.' Mot. Summ. J. Ex. B, Hr'g Report, ECF No. 21-4 ["Hr'g Report"]).  When Ms. Spearman voluntarily signed the Agreement, she agreed that in order to stay in the Program, she would fulfill its terms.  Upon review, the hearing officer found five distinct violations of that Agreement.  (Id. at 7-9).

First, Ms. Spearman agreed that she would ensure that an application for child support would be completed for her granddaughter. (Id. at 7).  Ms. Spearman turned in a blank form, however, claiming that it was not her responsibility to do so, which she later admitted was not true as her daughter was still

a minor.  (See Hr'g Tr. at 24-25, 73-74).  Second, Ms. Spearman agreed that she would file for and continue use of TCA.  (Hr'g Report at 7).  She started the TCA program, but then missed two appointments and did not attempt to rectify the situation. (Id.)  Third, Ms. Spearman agreed to provide all necessary documentation required by the Program, including income or "survival forms."  (Id. at 8).  She did not properly file her "survival forms" despite the fact that she had been in the Program for over sixteen years and had access to counsel. (Id.)  Fourth, Ms. Spearman agreed that she would provide documentation to DSS regarding the people living in her household via means of certified mail; Ms. Spearman failed to mail the forms.  (Id.)  Fifth, she agreed that she would notify the post office to stop sending mail to her address for those who were no longer residents.  Id.  Despite the Agreement specifying that this process had to be done via certified mail, Ms. Spearman failed to do so.  (Id.)

Additionally, the hearing officer found that Ms. Spearman had failed to follow the Program rules.  One such rule required "[t]he family . . . [to] supply any information that the PHA or HUD determines is necessary in the administration of the program."  24 C.F.R. § 982.551(b)(1).  By failing to file the above documents, Ms. Spearman violated the terms of the Agreement.

The hearing officer found Ms. Spearman's well-documented and substantiated compliance failures to be overwhelming evidence in favor of the propriety of Ms. Spearman's termination.  Ms. Spearman does not deny these failures occurred or that they lacked severity.  (Pl.'s Opp'n to Defs.' Mot. Summ. J. at 1-2 ["Pl.'s Opp'n"], ECF No. 22).  The decision was, therefore, based upon competent, material, and substantial evidence.

### v.   The decision was neither arbitrary nor capricious

Fifth, the hearing officer's decision was neither arbitrary nor capricious.  An agency action will not be considered arbitrary or capricious if the agency is able to "examine the relevant data and articulate a satisfactory explanation for its actions including a 'rational connection between the facts found and the choice made.'"  Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 41-42 (1983) (citations omitted).  Upon review, the court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  (Id. at 43) (citations omitted).  It is not within the purview of the reviewing court, however, to make up for deficiencies.  (Id.)  "[A] reviewing court . . . must judge the propriety of such action solely by the grounds invoked by the

14

agency." SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

In Ms. Spearman's case, there was an articulable satisfactory explanation for the hearing officer's actions that bore a rational connection to the facts adduced during the hearing and the decision made. Specifically, as discussed above, the hearing officer found that Ms. Spearman's failure to abide by the Agreement and relevant Program rules was a sufficient basis to terminate her Program benefits. There is no clear error of judgment and the Court is, therefore, required to accord the hearing officer's judgment a measure of deference.

Consequently, the Court finds that Ms. Spearman has failed to demonstrate a genuine issue of material fact as to whether the hearing officer's decision was justified under Maryland's standard of administrative review.

### b. Ms. Spearman's arguments concerning substantial compliance and mitigation are without merit

Ms. Spearman argues that the hearing officer's decision was procedurally flawed because under the ruling of Forman v. Motor Vehicle Admin., the hearing officer failed to "resolve all significant conflicts in the evidence" and "to make a full, complete and detailed finding of fact and conclusion of law." 630 A.2d 753, 764 (Md. 1993); (Pl.'s Opp'n at 3).

Upon the basis of this supposed requirement, Ms. Spearman asserts that the hearing officer failed to address two issues of

fact and law, namely (1) Ms. Spearman's substantial compliance
with the Agreement under contract law, and (2) the issue of
mitigation. (Pl.'s Opp'n at 10-11).

As the Agreement between the Housing Office and Ms.
Spearman took the form of a binding contract, Ms. Spearman
argues that it should be governed by contract law. (Id. at 11-
12). She alleges that the doctrines of substantial compliance,
as well as the law's abhorrence of forfeitures, should have been
a consideration in her favor, given her alleged compliance with
many of the requirements in the Agreement. (Id.)

Under 24 C.F.R. § 982.552(c)(2)(i), the hearing officer is
permitted to take into account the circumstances of the
participants and the effects that termination will have on them
and their families. Ms. Spearman alleges that the entire focus
of her argument was on the basis of mitigation, not on the
denial of the facts presented. (Pl.'s Opp'n at 11). She avers
that had the hearing officer properly considered the issue of
mitigation, given the obvious distress of her financial and
family situation, it is possible that the hearing officer might
have reached a different ruling. (Id.)

Ms. Spearman contends that the hearing officer's failure to
"go there," especially when Ms. Spearman sent a letter stating
the effects termination would have on her family, was a failure
on the part of the hearing officer to address "all material

issues." (Id.) Accordingly, Ms. Spearman concludes that under the principles of Forman, the failure of the hearing officer to "squarely address" these issues should be fatal to the hearing officer's ruling. (Id.) The Court finds this argument without merit for two reasons.

First, Ms. Spearman's reliance on Forman is misplaced. While Forman does indeed state that ALJ's are required to take into account all material facts, that holding is only applicable to state agencies. 630 A.2d at 763. Here, local housing authorities, such as the Housing Office, are not considered state agencies. Sager v. Hous. Comm'n of Anne Arundel Cnty., No. ELH-11-2631, 2012 WL 1233016 at *32 (D.Md. Apr. 11, 2012) ("For purposes of liability under state law, housing authorities in Maryland are ordinarily considered local government agencies, not state agencies.") (citing Mitchell v. Hous. Auth. of Balt. City, 26 A.3d 1012, 1020 (Md.Ct.Spec.App. 2011), cert. denied, 31 A.3d 920 (2011)). This status is uncontested by either side. (See Pl.'s Opp'n at 4 n.4); (see also Defs.' Reply to Opp'n to Pl.'s Mot. Summ. J. at 3 ["Defs.' Reply"], ECF No. 23).

Secondly, the rationale behind the ruling in Forman was the failure of the ALJ to state *any* basis for his reasoning, which the court required. 630 A.2d at 763. Specifically, the Court in Forman noted that the ALJ "failed to resolve important factual issues and to make clear what [his] decision means."

17

Id.

The Court in Forman held that "at a minimum, one must be able to discern from the record the facts found, the law applied, and the relationship between the two." Id. at 764. Therefore, even under Forman, a ruling is not necessarily procedurally incorrect if it did not "squarely address" every issue of law mentioned, provided the logical relationship between the record and the law can be extrapolated. Here, as discussed above, the hearing officer provided ample reasoning for her decision, stating the facts that were used in her decision-making as well as the relevant law. (See generally Hr'g Report 7-9). This allows for a logical relationship between the record and the law to be drawn.

Similarly, the hearing officer's refusal to adopt Ms. Spearman's contract law theory is not a failing on the part of the hearing officer. The doctrine of substantial compliance, upon which Ms. Spearman relies, is dependent upon the hearing officer believing Ms. Spearman had actually substantially complied. As stated in her hearing report, however, it appears the hearing officer did not believe Ms. Spearman substantially complied with the agreement. (See generally Hr'g Report at 5-7).

Specifically, the hearing officer found Ms. Spearman's failure to obtain child support particularly indicative of a

failure to reasonably comply. (Hr'g Report at 7) ("Her failure
to take any additional steps in six months does not show a
reasonable effort to comply."). Similarly, regarding Ms.
Spearman's obligation to obtain TCA, "this failure to attend
[interviews] does not show a reasonable effort to comply." (Id.
at 7-8). The hearing officer also took note of Ms. Spearman's
general inability to follow the terms of the Agreement and
provide documentation: "Her failure to fill out the forms or
take other steps to provide the required information even after
she was repeatedly notified that this was not completed does not
show a reasonable attempt to comply." (Hr'g Report at 8).

From the Hearing Report, it is manifestly clear that the
hearing officer did consider the concept of compliance, as it is
mentioned numerous times in her "findings of fact" section.
Moreover, the hearing officer clearly articulated the applicable
statutory regulations she relied upon in making her decision.
(See Hr'g Report at 9). There is sufficient information in the
record to find the facts, the law applied, and the relationship
between the two, as is minimally required by Forman. 630 A.2d
at 764. Accordingly, the Court finds that Ms. Spearman's
argument concerning substantial compliance is without merit.

As to the mitigation issue, a perfunctory review of the
Hearing Report reveals that the hearing officer addressed
mitigation, but found Ms. Spearman's arguments unpersuasive.

(Hr'g Report at 8-9) ("[Ms. Spearman] has not asserted any significant disabling condition or *mitigating circumstances* that prevented her from complying throughout the last eight months.") (Emphasis added).   To be sure, the hearing officer was aware of the mitigation arguments that had been presented.   (Id. at 6-7). In the course of the informal hearing, Ms. Spearman offered extensive testimony and arguments of the effects that termination would have on her family.   (Hr'g Tr. at 10-18). While Ms. Spearman might disagree with the hearing officer's decision, it is inaccurate to state that the hearing officer did not address mitigation.   Indeed, consideration of mitigating circumstances is not a requirement, but solely within the hearing officer's discretion.   24 C.F.R. § 982.552(c)(2)(i).

Accordingly, the Court finds that there is no genuine issue of material fact as to whether the hearing officer's decision was procedurally flawed.

**2.    There is no genuine issue of material fact as to whether the hearing officer's decision was consistent with the requirements of procedural due process.**

The Court grants Defendants' Motion for Summary Judgment because there is no genuine issue of material fact as to whether the hearing officer's decision was consistent with the requirements of procedural due process.

Under the standard of due process elucidated by Goldberg v. Kelly, the hearing must contain five elements: (1) timely notice

from the housing authority stating the basis for the proposed termination; (2) an opportunity for the tenant to cross-examine each witness relied upon by the authority; (3) the right of the tenant to be represented by counsel; (4) a decision, based solely on evidence adduced at the hearing, in which the reasons for the decision are set forth; and (5) an impartial decision-maker. 397 U.S. 254, 264-71 (1970); see also Caulder v. Durham Hous. Auth., 433 F.2d 998 (4th Cir. 1970).

As discussed above, all of these requirements were met in Ms. Spearman's case.   Ms. Spearman received notice of her termination on December 10, 2011, along with a brief summary of the reasons for her termination.   Additionally, as mentioned above, Ms. Spearman was represented by counsel throughout the hearing and had the opportunity to examine each witness, such as Ms. DiMatte. (Hr'g Tr. at 10).  Moreover, Ms. Spearman received a decision based solely on the evidence at the hearing with the stated reasons set forth.   Finally, there is no dispute the hearing officer was an impartial decision-maker under the relevant guidelines.   See 24 C.F.R. § 982.555(e)(4)(i).   The hearing officer worked for DSS and not for the Housing Office, rendering her a fair and impartial decision-maker under HUD guidelines.

Accordingly, the Court finds that there is no genuine issue of material fact as to whether the hearing officer's decision

was consistent with procedural due process requirements.

>    **a.   Allegations that the hearing officer did not review the matter de _novo_, as required, lack merit.**

Ms. Spearman contends that the hearing officer used improper considerations and did not review the matter _de novo_ as required.  She alleges that this is supported by the hearing officer's use of the word "uphold" which indicates the hearing officer was impermissibly deferring to the Housing Office's findings.  (Pls. Opp'n at 13).  Ms. Spearman claims that this is also demonstrated by the criterion upon which the hearing officer chose to rely in her written decision.  (Pls. Opp'n at 15-16).  Allegedly, the fact that the hearing officer focused on the certified mail requirement evidenced the hearing officer's failure to be "a true decision-maker."  (Id. at 17).  Instead, Ms. Spearman contends the hearing officer simply wished to "call it a day" and decided to merely affirm the lower decision rather than actually make a _de novo_ finding.  (Id.)

Ms. Spearman offers little in the way of proof of these allegations.  The mere fact that the hearing officer chose to use this language is not dispositive of anything.  As discussed above, the hearing officer articulated, in painstaking detail, the litany of reasons for Ms. Spearman's termination from the Program.  Ms. Spearman, therefore, has failed to demonstrate that any genuine issue of material fact exists as to whether the

hearing officer adopted a *de* novo standard of review.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 21).

Entered this 18th day of September, 2012

/s/

_____
George L. Russell, III
United States District Judge